UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
EDWARD MEISNER,

                        Plaintiff,

        - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                        Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

**MEMORANDUM & ORDER**
22-CV-100 (PKC)

Plaintiff Edward Meisner brings this lawsuit under 5 U.S.C. §§ 555(b) and 706(1) of the Administrative Procedure Act ("APA") against the acting Commissioner of the Social Security Administration ("SSA"), seeking to compel the SSA to rule on his motion for reconsideration, which allegedly and seemingly has been pending for several years. Before the Court is the Commissioner's motion to transfer venue to the Southern District of New York. For the reasons below, the Commissioner's motion is denied. The Commissioner shall respond to Plaintiff's Motion to Expedite (Dkt. 6) within 30 days of this Order.

**BACKGROUND**

On January 3, 2022, Plaintiff sued the Commissioner seeking "injunctive relief compelling SSA" to decide "his request for reconsideration" of his denial of benefits "and to expedite any further appeals such that he can exhaust his remedies." (Complaint, Dkt. 1, at 5.) Plaintiff listed his address as as 1530 Beach Ave., Bronx, NY 10460. (*Id.* at 1.)

On February 1, 2022, Plaintiff filed a "Motion to Expedite," arguing that he has had "to endure six years of wandering through the purgatory that surrounds the Castle that is the nameless, faceless bureaucracy of the [SSA]." (Motion to Expedite, Dkt. 6, at 1.) On February 4, 2022, the Court directed the Commissioner to respond to Plaintiff's motion. (*See* 2/4/2022 Docekt Order.)

1

On February 10, 2022, the Commissioner moved to transfer this case to the Southern District of New York.  (*See* Memorandum in Support of Defendant's Motion to Transfer Venue ("Transfer Mem."), Dkt. 8.)

## LEGAL STANDARD

Section 1406 of Title 28 of the United States Code "provides that 'the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55–56 (2013) (brackets omitted) (quoting 28 U.S.C. § 1406(a)).  "[W]hether venue is 'wrong' or 'improper'[] is generally governed by 28 U.S.C. § 1391," which "states that 'except as otherwise provided by law this section shall govern the venue of all civil actions brought in district courts of the United States.'"  *Id.* (emphasis, brackets, and ellipses omitted) (quoting 28 U.S.C. § 1391(a)(1)).  Under Section 1391(e), "[a] civil action in which a defendant is . . . an agency of the United States" may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e).

Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), allows federal courts to review final decisions of the Commissioner of Social Security.  That Section provides that such actions "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."  42 U.S.C. § 405(g).

2

**DISCUSSION**

As the Commissioner points out, the address listed in the Complaint is in the Southern District of New York.  The Commissioner thus argues that "Plaintiff does not reside within the Eastern District of New York," so "to the extent that Plaintiff is seeking review under 42 U.S.C. § 405(g), venue is improper in this Court."  (*Id.* (footnote omitted).)

But Plaintiff's claim arises under the APA, not under Section 405(g).  The APA "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts."  *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020).  Under the APA, an injured party can ask the court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1); *see also id.* § 702.  "In a lawsuit brought under the APA, venue is governed by 28 U.S.C. § 1391(e)."  *N-N v. Mayorkas*, No. 19-CV-5295 (EK), 2021 WL 1997033 (E.D.N.Y. May 18, 2021).

As noted, the Complaint seeks "injunctive relief compelling SSA" to decide Plaintiff's "request for reconsideration" of his denial of benefits "and to expedite any further appeals such that he can exhaust his remedies."  (Complaint, Dkt. 1, at 5.)  Plaintiff argues that he has had "to endure six years" of delays in his SSA proceedings.  (Motion to Expedite, Dkt. 6, at 1.)  He does not appear to be seeking judicial review of a "final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), but, rather, to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1); *see also McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) ("[Courts] liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.").

Given that this is an APA challenge, venue is proper not only "in any judicial district in which . . . the plaintiff resides," but also "in any judicial district in which . . . a substantial part of

the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(e).  In his response

to the Commissioner's motion to transfer,[1] Plaintiff alleges that

> [n]early all of the events recounted in plaintiff's complaint transpired while plaintiff
> actually resided at East 22nd St. in Brooklyn, or while he was living on the streets
> in Brooklyn, interspersed with brief stays at various DHS shelters in Brooklyn,
> [Manhattan] and the Bronx.  Plaintiff applied for the DAC benefit at the Nostrand
> Ave. office of the Agency in Brooklyn.  He received the rejection letter from the
> Agency while residing at that address in Brooklyn.  Plaintiff submitted the request
> for reconsideration while residing at that address in Brooklyn.  In response to the
> request for reconsideration, the Nostrand Ave. office in Brooklyn scheduled a
> lengthy telephone interview in which he was questioned extensively about his
> employment history.  Then he had an in-person interview at the Nostrand Ave.
> office in Brooklyn, at which time he was told that his father had less earnings than
> he did.  About two months after these interviews he went to the Nostrand Ave.
> office in Brooklyn to inquire about the status of his request, which is when the
> mischief with the Agency being unable to locate his records began.

(Motion in Opposition, Dkt. 11, at 1.)[2]  Given these allegations, the Court concludes that venue is

proper in this District under Section 1391(e).

## CONCLUSION

The Commissioner's motion to transfer is denied.  Within 30 days of this Order, the

Commissioner shall file a response to Plaintiff's Motion to Expedite, addressing any issues the

Commissioner wishes to raise except the propriety of venue.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2022
       Brooklyn, New York

---

[1] "Because [Plaintiff] is proceeding *pro se*, the Court may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint."  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

[2] Plaintiff also filed bank statements from 2015 and 2016 listing an address in this District. (*See* Dkt. 14.)