UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWARD MEISNER,

                Plaintiff,

     - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

               Defendant.
------------------------------------------------------------ x

**AMENDED
MEMORANDUM & ORDER**
22-CV-100 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Edward Meisner, proceeding *pro se*, filed this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), to challenge the Social Security Administration's rejection of his requests to reconsider a prior denial of benefits. Pending before the Court are (1) Plaintiff's motions to expedite and compel discovery, and (2) Defendant Commissioner's motion to dismiss. For the reasons stated herein, the Court grants Defendant's motion and dismisses this action without prejudice and denies Plaintiff's motions as moot.

## BACKGROUND

In late 2015, Plaintiff filed an application with the Social Security Administration ("SSA") for Adult Childhood Disability benefits, which the SSA denied. (Dkt. 1, at 5.)[1] Subsequently, Plaintiff filed a request for reconsideration, which the SSA also denied.[2] (*Id.*) Plaintiff explains that further processes are pending before the SSA, and that in November 2021,

---

[1] For the purposes of this motion, the Court accepts all non-conclusory allegations in the Complaint as true. *See Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (noting that in deciding a motion to dismiss, the court must "assume the truth of a pleading's factual allegations and test only its legal sufficiency") (citations omitted).

[2] The parties dispute whether Plaintiff's request to reconsider was timely. (Dkts. 18, 19, 21, 22, 24.) Because Plaintiff does not challenge the request to reconsider but rather the delays that followed it, the Court finds the timeliness of his reconsideration request to be inconsequential.

1

the SSA interviewed him in its offices. (*Id.*) Plaintiff complains that he "has still not received the [SSA's] decision" since the interview, and that the delay is an "unconstitutional" and deliberate attempt to forestall his "application [until it is] rendered moot." (*Id.*) Plaintiff seeks injunctive relief pursuant to 5 U.S.C. § 555(b), *i.e.*, compelling an immediate decision by the SSA as to Plaintiff's reconsideration request and expediting "any further appeals." (*Id.*) Plaintiff has filed two more motions in this case, both to the same effect, *i.e.*, seeking to have this Court compel the SSA to expedite its decisions on Plaintiff's outstanding requests and any future appeals. (*See* Dkts. 6, 25.) In February 2022, Defendant filed a motion to change venue, which the Court denied. (Dkts. 10, 11.)[3] In April 2022, Defendant filed the present motion to dismiss, which Plaintiff opposes. (Dkts. 18–25.)

## LEGAL STANDARD

Dismissal of a complaint under Rule 12(b)(1) is proper when the "district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed R. Civ. P. 12(b)(1)); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (same).[4] "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citations omitted). As in a 12(b)(6) motion to dismiss, "[a]ll uncontroverted factual allegations

---

[3] The Court's prior decision neither discussed the merits of Plaintiff's action nor the Court's jurisdiction over it. *See Meisner v. Kijakazi*, No. 22-CV-100 (PKC), 2022 WL 824134, at *1 (E.D.N.Y. Mar. 18, 2022).

[4] While Defendant's motion explicitly relies on Rule 12(b)(6), the Court "construes the motion as one made under Federal Rule of Civil Procedure 12(b)(1) because the arguments in [Defendant's] memorandum of law make clear that the motion seeks to dismiss . . . for lack of subject matter jurisdiction." *Weisz v. Sarma Collections, Inc.*, No. 21-CV-6230 (PMH), 2022 WL 1173822, at *1 n.1 (S.D.N.Y. Apr. 20, 2022); *see also In re Trusts Established under the Pooling & Servicing Agreements*, 375 F. Supp. 3d 441, 446 (S.D.N.Y. 2019) ("[T]he Court has an independent obligation to apply the correct legal standard.").

contained in the complaint are accepted as true and the Court draws all reasonable inferences in favor of the party asserting jurisdiction." *Gondal v. U.S. Dep't of Homeland Sec.*, 343 F. Supp. 3d 83, 89 (E.D.N.Y. 2018) (citations omitted).  However, "[i]n its assessment of whether it has subject matter jurisdiction, the Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings." *Id.* (cleaned up) (collecting cases).  Finally, although a "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citations omitted), the Court may dismiss a complaint that is "frivolous on its face," and "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259, 262 (E.D.N.Y. 1995).

## DISCUSSION

The issue at this stage of the proceedings is whether the Court has jurisdiction over this action. As 42 U.S.C. § 405(g)–(h) provide the exclusive source of federal court jurisdiction in social security cases, the APA is inapplicable in answering this question.  *See Vendryes v. Soc. Sec. Admin.*, No. 17-CV-1781 (JMA) (ARL), 2017 WL 4350439, at *4 (E.D.N.Y. July 13, 2017) ("Section 405(g) is the only waiver of sovereign immunity in the Social Security Act and is the exclusive statutory authority for judicial review."); *Joseph v. Soc. Sec. Admin.*, No. 16-CV-3377 (JFB) (GRB), 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted sub nom.*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017) (same); *Feine v. Astrue*, No. 08-CV-163, 2009 WL 688990, at *2 (D. Vt. Mar. 9, 2009) ("In Social Security cases, 42 U.S.C. § 405(g) provides the exclusive means by which the federal courts may review a decision of the Commissioner."); *see also* 42 U.S.C. § 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except [under 42 U.S.C. § 405(g) and (h)]."); *accord Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th

Cir. 2007) (finding that §405(g) and (h) provide the "exclusive source of federal court jurisdiction" in cases involving social security benefits). Because the APA does not provide a source of federal court jurisdiction in this case, any jurisdiction must arise under the Social Security Act itself.[5]

As discussed, Section 405(g) authorizes judicial review only of a "final decision made after a hearing." However, the Complaint is devoid of any suggestion that Plaintiff has obtained a final decision from the SSA—as opposed to suffering delay—that any hearing has taken place, or that the agency's review process has ended. Indeed, Plaintiff alleges that interviews in his SSA proceeding are still occurring, and the only relief Plaintiff seeks in this action is for the Court to order the SSA to expedite that ongoing process and rule on his request for reconsideration of the SSA's denial of benefits. Therefore, because the SSA has not issued a final decision in Plaintiff's pending SSA matter, the Court lacks jurisdiction over this action. *See* 42 U.S.C. § 405(g); *see also Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005) (same); *Joseph*, 2017 WL 1067804, at *4 (declining Section 405(g) review when "plaintiff has not set forth any facts or allegations suggesting that he obtained a final decision . . . that a hearing was held[,] or that he complied with

---

[5] Furthermore, even had the APA been applicable, the Court would still decline to review the "delay" on which Plaintiff complains. "Although there is a strong presumption in favor of judicial review of agency action, there are threshold limitations on the scope of APA review: (a) review under the APA is limited to review of final agency action, (b) final agency action is not subject to judicial review under the APA to the extent that such action is committed to agency discretion by law, and (c) the strong presumption of judicial review can be overcome if Congress, subject to constitutional constraints, implicitly or explicitly precludes judicial review." *See Sharkey v. Quarantillo*, 541 F.3d 75, 87 (2d Cir. 2008); *accord Groft v. Heckler*, No. 83 Civ. 3792 (CBM), 1984 WL 332, at *1 (S.D.N.Y. May 8, 1984) ("Under section 405(g), a district court has exclusive jurisdiction to review a final decision of the Secretary made after a hearing to which the plaintiff was a party."). Specifically, a "final agency action" marks "the consummation of the agency's decision-making process . . . [and determines] the rights or obligations [] from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Here, Plaintiff does not challenge the initial denial of his request, but rather the agency's failure "to reach a decision" on his request for reconsideration. (Dkt. 1, at 5.) Because there is no SSA decision that "marks the consummation of the decision-making process" or determines Plaintiff's rights or the SSA's obligations, the Court would not have awarded relief under the APA.

4

the administrative review process"); *Groft*, 1984 WL 332, at *1 ("A final decision is one made after a hearing on the merits, adverse to the plaintiff, to which he was a party.") (collecting cases).[6]

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks jurisdiction over this matter and dismisses this case without prejudice. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of any appeal. The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 22, 2022
Brooklyn, New York

---

[6] Plaintiff's case does not fall within the narrow exception to Section 405(g)'s finality requirement, namely where "colorable constitutional claims" exist with respect to the decision at issue. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977). In a conclusory fashion, Plaintiff asserts that the delay is unconstitutional. (Dkt. 1, at 5.) Without any more facts or allegations to support Plaintiff's assertion of unconstitutionality, the Court is unable to conclude that Plaintiff has stated a colorable constitutional claim based on procedural delay.