UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD MEISNER,

                Plaintiff,                **MEMORANDUM AND ORDER**
                                                      22-CV-100 (PKC)

    -against-

KILOLO KIJAKAZI, Commissioner of Social
Security,[1]

                Defendant.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Plaintiff Edward Meisner ("Plaintiff") initiated this *pro se* action on January 3, 2022, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), against the former Acting Commissioner of Social Security Administration (the "SSA" or the "Agency"), seeking to challenge the SSA's decision not to reconsider a prior denial of benefits. On September 22, 2022, the Court dismissed this action for lack of jurisdiction. *See Meisner v. Kijakazi*, No. 22-CV-100 (PKC), 2022 WL 4458981, at *3 (E.D.N.Y. Sept. 22, 2022). Presently before the Court is Plaintiff's motion for reconsideration of the Court's dismissal of this matter and to re-open it. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

      In 2015, Plaintiff filed an application with the SSA for Adult Childhood Disability ("DAC") benefits, which the SSA denied. (*See* Dkt. 1, at 5.) Subsequently, Plaintiff filed a request for reconsideration of his DAC denial, which the SSA also denied in 2017. (*Id.*) On January 3, 2022, Plaintiff initiated the instant action, explaining that further processes were pending before

---

[1] Martin O'Malley became the Commissioner on December 20, 2023, who is substituted for the former Acting Commissioner, Kilolo Kijakazi. *See Commissioner Martin O'Malley*, Soc. Sec. Agency, https://www.ssa.gov/agency/commissioner/ (last visited Mar. 17, 2024).

the SSA and seeking to compel an immediate decision by the SSA as to Plaintiff's reconsideration request. (*Id.*) On April 13, 2022, the SSA moved to dismiss this action, which Plaintiff opposed. (Dkts. 18–25.) On September 22, 2022, the Court dismissed this action for lack of jurisdiction. *See Meisner*, 2022 WL 4458981.[2]

On August 15, 2023, Plaintiff filed a *pro se* submission captioned "Motion for Peremptory Judgment/Motion to Reopen" that also included a "Motion for Emergency Preliminary Injunctive Relief for Discovery/Motion to Reopen"[3] and a "Motion for Expedited Consideration of Motion for Peremptory Judgment/Motion to Open." (*See* Dkt. 29, at ECF[4] 1, 3, 4.) On September 21, 2023, the SSA filed a reply opposing Plaintiff's motion. (*See* Dkt. 34.) Subsequently on October 2, 2023, Plaintiff filed another motion, which overall makes the same request as his earlier-filed motion. (*See* Dkt. 35.)

The Court liberally construes Plaintiff's latest submissions as a motion for relief from a judgment or order pursuant to Rule 60(b) ("Rule") of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v.*

---

[2] The original Order dismissing this case was issued on September 21, 2022 (*see* Dkt. 26), but an Amended Memorandum and Order, correcting typographical errors, was issued on September 22, 2022 (*see* Dkt. 27).

[3] In his motion, Plaintiff explains that he "presents this motion as an emergency because in less than three months he will reach the age of 62, disqualifying him from DAC benefits and preventing him from reapplying for the benefit in case the [A]gency's promise to process his [r]equest turns out to be fraudulent or in case the Judge denies his [r]equest on the basis of untimeliness." (Dkt. 29, at ECF 3.) As the Court noted before and as the SSA acknowledged in its opposition letter, Plaintiff's "concern about the impact that his aging out of the DAC benefits program will have on his 2015 benefits application is unwarranted." (9/13/2023 Docket Order (specifically noting that "according to the SSA website [including website address] . . . there does not seem to exist an age limit (*i.e.*, 62-years-old as Plaintiff alleges in his [] letters) for the DAC benefits program"); *see also* SSA Opp'n., Dkt. 34, at 1 n.1.)

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that "[t]he solicitude afforded to *pro se* litigants takes a variety of forms," including "liberal construction of . . . [their] motion papers").

## LEGAL STANDARD

Rule 60(b) allows courts to relieve a party from a final judgment or order on the basis of several specified circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, such a motion will not be granted absent the demonstration of "extraordinary circumstances." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (explaining that Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal quotation marks omitted)).

## DISCUSSION

After considering Plaintiff's arguments in his latest submissions, and even under a liberal interpretation, the Court finds that Plaintiff has failed to provide any basis for reconsideration of the Court's dismissal of this case or for re-opening this matter. As the Court explained in its September 22, 2022 Amended Memorandum and Order, "42 U.S.C. § 405(g)–(h) provide the exclusive source of federal court jurisdiction in social security cases," and in particular, "Section

405(g) authorizes judicial review only of a 'final decision [of the SSA] made after a hearing.'" *Meisner*, 2022 WL 4458981, at *2. Because Plaintiff's Complaint and other submissions did not allege that he had obtained a final decision from the SSA or that the Agency's review process has ended, the Court found that it lacked jurisdiction over this action and dismissed the case without prejudice. *Id.* at *2–3.

Plaintiff's present motion is no different than all of his previous filings in this case. He again alleges that the SSA has "given [him] the run around" and "refuses to give [him] a straight answer to his inquiries" regarding his efforts to receive DAC benefits. (Dkt. 29, at ECF 1, 2.) Plaintiff asks the Court to "compel the Agency to respect his due process rights and give him a Hearing (at which his claim can be decided on the merits)[.]" (*Id.* at ECF 2.) As before, Plaintiff also seeks "emergency preliminary injunctive relief for discovery in order to compel the Agency to produce the records showing that his Request for Administrative Law Judge Hearing has been processed." (*Id.* at 3.) However, Plaintiff has not cited any "controlling decisions or data that the [C]ourt overlooked," or presented any new evidence to establish the Court's jurisdiction over this matter. (*See generally* Dkts. 29, 35.) Nor are there any exceptional circumstances that would alter the Court's conclusion or justify relief from the judgment in this case. Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Accordingly, this matter remains closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court

4

is respectively requested to restrict access to Plaintiff's motion, as it contains personal information that should have been redacted by Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 21, 2024
      Brooklyn, New York

5